NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2008
Decided February 18, 2009

**Before**

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2607

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
|    *v.* | No. 3:07cr0085 RM |
| SAMUEL JOHN STEED, <br>    *Defendant-Appellant*. | Robert L. Miller, Jr., <br> *Chief Judge*. |

**O R D E R**

Samuel Steed pleaded guilty to possession of an unregistered destructive device, *see* 26 U.S.C. § 5861(d), manufacture of a pipe bomb, *see id.* § 5861(f), and possession of a firearm (pipe bomb) after a felony conviction, *see* 18 U.S.C. § 922(g)(1). At sentencing the district court found that Steed had used the pipe bomb to try to dissuade his girlfriend from contacting the police about his manufacture of methamphetamine. Therefore the court applied a four-level increase to the offense level under U.S.S.G. § 2K2.1(b)(6), for Steed's use of the pipe bomb "in connection with" his commission of another felony offense, the Indiana offense of felony intimidation, *see* IND. CODE § 35-45-2-1(a), (b)(1)(A). The court then sentenced Steed to a total of 96 months' imprisonment, well below the resulting guidelines range of 121 to 151 months. On appeal Steed challenges the sufficiency of the evidence supporting his use of the pipe bomb in connection with the felony offense of

intimidation.  Because the district court's findings are supported by the record and are not clearly erroneous, we affirm the sentence imposed by the district court.

Steed's girlfriend, Natalie Vela, called police in Elkhart, Indiana, to report that Steed possessed a pipe bomb.  The bomb squad responded and discovered a six-inch pipe bomb, which they safely detonated using a remote-controlled robot.  In a videotaped interview with the police, Vela reported that Steed had threatened her and her children with the pipe bomb after an argument prompted by his use of methamphetamine at her house while the children were home.  She further related that Steed made the threat to prevent her from reporting his methamphetamine activities to the police.  Steed admitted that he made the bomb and that he had been using methamphetamine for twenty years.  Steed was also carrying a small amount of methamphetamine when he was interviewed.

At sentencing Steed objected to several guidelines adjustments, including the increase under § 2K2.1(b)(6) for use of the pipe bomb in connection with the felony offense of intimidation.  In Indiana a threat to commit a forcible felony in order to prevent the victim from engaging in conduct against the victim's will is itself a felony, *see* IND. CODE § 35-45-2-1(a), (b)(1)(A); *Johnson v. State*, 717 N.E.2d 887, 890 (Ind. Ct. App. 1999).  Steed, through counsel, had represented to the probation officer that he never threatened Vela or told anyone else that he had.  But Steed never backed up this assertion with evidence, and at sentencing counsel shifted strategies and argued instead that the evidence did not support a finding that Steed actually intended to use the pipe bomb to harm Vela and her children.

The government called two of Steed's fellow inmates as witnesses.  Joshua Whitaker testified that Steed told him he had threatened his girlfriend and her family with the pipe bomb and had been involved in manufacturing methamphetamine.  Dion Collins added that Steed had told him about manufacturing and selling methamphetamine.  The government also called Elkhart police officer Brian Schroth, who testified that Steed had admitted making the pipe bomb and using methamphetamine.  Finally, Vela testified that she and Steed had argued and that he had threatened her and her children with the pipe bomb.  Vela, who by then had reconciled with Steed, suggested that he was very drunk and high on methamphetamine when he made the threat, but still she acknowledged that at the time she had felt that Steed was trying to stop her from reporting his methamphetamine activities to the police.  At the conclusion of Vela's testimony, the government played an excerpt from her videotaped interview.

In overruling Steed's objection, the district court found that he made the threat against Vela to protect his methamphetamine manufacturing but never actually intended to carry out the threat.  The court found Vela's testimony regarding the threat to be credible and consistent with her videotaped statements to the police (although it found her less

credible on other issues) and credited Whitaker's testimony that Steed had confessed to threatening Vela and her family. The court concluded that the threat constituted felony intimidation under § 35-45-2-1. The court further concluded that the evidence did not support a defense of involuntary intoxication under Indiana law, and thus Steed had possessed the pipe bomb in connection with the commission of another felony offense.

Section 2K2.1(b)(6) provides for a four-level increase in offense level if the defendant used or possessed a firearm, in this case a pipe bomb, in connection with the commission or attempted commission of another felony offense, which need not be charged. U.S.S.G. § 2K2.1(b)(6), cmt. n.14; *United States v. LePage*, 477 F.3d 485, 489 (7th Cir. 2007). Our review of the court's factual findings supporting the application of a sentencing guideline is for clear error. *United States v. Wagner*, 467 F.3d 1085, 1089 (7th Cir. 2006); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005). Steed contends that the district court's factual finding that he threatened his girlfriend and her children to protect his methamphetamine manufacturing is clearly erroneous. He argues that the only evidence presented at sentencing that supports this finding is Vela's testimony, and, according to Steed, the court did not find her credible.

Steed's contention, however, misstates the evidence presented as well as the district court's findings. As the court noted, Vela's testimony was less credible, overall, than that of Whitaker and Collins, but her statement that she believed the threat was meant to keep her from telling the police about Steed's drug activity was consistent with her videotaped statements to the police immediately after she reported the pipe bomb and was therefore credible. At oral argument, Steed's counsel focused on the absence of testimony that Vela actually intended to report Steed's activities to the police, thus, according to counsel, giving Steed no motive to threaten her. Vela's statements, however, which the court found credible, were sufficient to support the finding that Steed committed felony intimidation. *See Johnson*, 717 N.E.2d at 890; *Long v. State*, 492 N.E.2d 700, 702 (Ind. Ct. App. 1986). And as we have repeatedly emphasized, a district court's credibility determinations are "entitled to great deference and can virtually never be clear error." *United States v. Clark*, 538 F.3d 803, 813 (7th Cir. 2008) (quotation marks and citation omitted); *see United States v. Blalock*, 321 F.3d 686, 690 (7th Cir. 2003). Given that the court's findings were based largely on its determination of witness credibility and supported by record testimony, there is no clear error.

AFFIRMED.