Benjamine SAYLES, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 49A02–8702–CR–66.

Court of Appeals of Indiana, First District.

Sept. 23, 1987.

Rehearing Denied Nov. 12, 1987.

Transfer Denied Jan. 8, 1988.

Reginald B. Bishop, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Benjamine Sayles appeals from the Marion Superior Court[1] his convictions for Intimidation, a class D felony, and Resisting Law Enforcement, a class A misdemeanor, and respective sentences of four (4) years and one (1) year, to be served consecutively. We affirm.

## FACTS

Officer Thomas Veza of the Indianapolis Police Department was part of an undercover investigation of "peashake gambling" (a form of lottery which uses baseball scores) at the General Motors plant in Indianapolis. Officer Veza posed as a construction worker at the plant. On the evening of February 12, 1986, Officer Veza sat at a table in the G.M. plant's cafeteria/break area. Benjamine Sayles confronted Officer Veza and exclaimed that Officer Veza was a policeman. Officer Veza denied Sayles's accusation. Later, Officer Veza went to the restroom. Sayles followed and again told Officer Veza that he knew Veza was a policeman. Sayles warned Officer Veza not to buy peashake tickets, threatened Officer Veza, and demanded that Officer Veza show identification. Officer Veza refused to show his identification. Sayles then struck and pushed Officer Veza. A scuffle broke out, but was stopped by a third party.

After the restroom brawl, Officer Veza returned to the cafeteria/break-area. Officer Veza told Charles Froman, a plant employee, of the incident. Froman stated his opinion and suggested that, "he's a punk, don't worry about him. If I were you I'd go over there and throw those tickets right in his face. Don't let him intimidate you or push you around." Record at 298. Officer Veza bought eleven (11) baseball lottery tickets, walked over to Sayles and dropped the tickets in front of Sayles's face. Sayles again attacked and struck Officer Veza. Blows were exchanged. During the second altercation, Sayles removed a knife from his pocket and attempted to cut Officer Veza. As the fight was stopped, Sayles again threatened Officer Veza and suggested that they continue in the parking lot.

Officer Veza did not accept Sayles's parking lot invitation. Instead, Officer Veza returned to the police station to report the preceding events. An arrest warrant was issued and officers were sent to the G.M. plant to arrest Sayles. Dennis Knigga, a plant supervisor, and Larry Browning, a plant security advisor, approached Sayles to escort him to a plant security office for questioning and arrest. Upon seeing Knigga and Browning, Sayles fled. Eventually, Sayles was apprehended, arrested and charged with Intimidation, a class C felony, Criminal Recklessness, a class D felony, and Resisting Law Enforcement, a class D felony. The jury acquitted Sayles of criminal recklessness, but convicted Sayles of Intimidation, as a class D felony, and Resisting Law Enforcement, as a class A misdemeanor.

## ISSUES

Sayles presents four (4) issues which we rephrase as follows:

1. Whether sufficient evidence exists to support Sayles's convictions for Intimidation, a class D felony, and Resisting Law Enforcement, a class A misdemeanor.

2. Whether the convictions are contrary to law due to inconsistent jury verdicts.

---

1. This case has been diverted from the Second District by order of the Chief Judge.

3. Whether the court erred in denying Sayles's motion for mistrial when Officer Veza testified as to photographs used to verify Sayles's identity which were later entered into the record but not viewed by the jury.[2]

4. Whether the court erred in sentencing Sayles to an aggravated sentence without making findings of mitigating circumstances.

## DISCUSSION AND DECISION

### Issue One

Sayles first argues that insufficient evidence exists to support his convictions. When reviewing for sufficiency of the evidence we follow a strict standard of review. We will uphold the conviction if substantial evidence of probative value exists to support each element of the conviction beyond a reasonable doubt. *Fleck v. State* (1987), Ind., 508 N.E.2d 539, 540; *Fox v. State* (1987), Ind., 506 N.E.2d 1090, 1097. We neither reweigh the evidence nor judge witness credibility, and only view that evidence which supports the verdict. *Fleck,* at 540; *Fox,* at 1097. Furthermore, a conviction may be supported by the uncorroborated testimony of the victim or by circumstantial evidence alone. *Manyfield v. State* (1987), Ind., 509 N.E.2d 810, 811; *King v. State* (1987), Ind., 508 N.E.2d 1259, 1262; *Tam v. State* (1987), Ind.App., 507 N.E.2d 993 (transfer pending).

In the present case, Sayles was convicted of Intimidation and Resisting Law Enforcement. Indiana Code section 35–45–2–1 provides for the crime of Intimidation, as follows:

"(a) A person who communicates a threat to another person, with the intent that:

(1) The other person engage in conduct against his will; or

(2) The other person be placed in fear of retaliation for a prior lawful act;

commits intimidation, a class A misdemeanor.

"(b) However, the offense is a:

(1) class D felony if:

(A) That threat is to commit a forcible felony; or

(B) The person to whom the threat is communicated:

(i) Is a law enforcement officer;

(ii) Is a judge or bailiff of any court; or

(iii) Is a witness (or the spouse or child of a witness) in any pending criminal proceeding against the person making the threat; and

(2) class C felony if, while committing it, the person draws or uses a deadly weapon.

"(c) 'Threat' means an expression, by words or action, of an intention to:

(1) Unlawfully injure the person threatened or another person, or damage property;

(2) Unlawfully subject a person to physical confinement or restraint;

(3) Commit a crime;

(4) Unlawfully withhold official action, or cause such withholding;

(5) Unlawfully withhold testimony or information with respect to another person's legal claim or defense, except for a reasonable claim for witness fees or expenses;

(6) Expose the person threatened to hatred, contempt, disgrace, or ridicule; or

(7) Falsely harm the credit or business reputation of the person threatened."

To support a conviction for Intimidation the evidence must establish that Sayles: (1) communicated a threat, (2) to another person, (3) with the intent that the other person engage in conduct against his will. *Long v. State* (1986), Ind.App., 492 N.E.2d 700, 702; *Bolen v. State* (1982), Ind.App., 430 N.E.2d 398, 400. The record of the present case contains sufficient evidence to

---

**2.** We note that Sayles addresses an issue involving alleged erroneous admission of hearsay testimony within his argument on the mistrial issue. However, all errors not set forth in the motion to correct errors are waived. *Spangler*

*v. State* (1986), Ind., 498 N.E.2d 1206, 1208; *Bond v. State* (1986), Ind., 489 N.E.2d 504, 507. Sayles failed to raise this error in his motion to correct errors. Therefore, the hearsay issue is waived.

sustain Sayles's conviction for Intimidation. Officer Veza testified that Sayles threatened and indicated his intention to prevent Officer Veza's purchase of tickets and participation in the peashake lottery. Specifically Sayles threatened, "I'd better not see you buy one more ticket 'cause if I do I'm going to do your ass in." Record at 294. Although Sayles testified his actions were in jest, the jury was entitled to reject his testimony. Thus, the Intimidation conviction is supported.

■ The Resisting Law Enforcement conviction also is supported. Indiana Code section 35–44–3–3 provides for the offense of Resisting Law Enforcement, as follows:

"(a) A person who knowingly or intentionally:

(1) Forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer;

(2) Forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court; or

(3) Flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;

commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).

"(b) The offense under subsection (a) is a:

(1) Class D felony if, while committing it, the person draws or uses a deadly weapon, inflicts bodily injury on another person, or operates a vehicle in a manner that creates a substantial risk of bodily injury to another person; and

(2) Class C felony if, while committing it, the person operates a vehicle in a manner that causes serious bodily injury to another person.

"(c) For purposes of this section, a law enforcement officer includes an alcoholic beverage enforcement officer and a conservation officer of the department of natural resources."

To convict under this statute the evidence must show that the defendant knew or had reason to know that the person resisted is a police officer. *Casselman v. State* (1985), Ind.App., 472 N.E.2d 1310, 1316; *Williams v. State* (1974), 160 Ind.App. 294, 297, 311 N.E.2d 619, 620.[3]

■ The record in the present case unerringly supports Sayles's conviction for this crime. The evidence sufficiently shows that Sayles knew Officer Veza was a policeman. Sayles repeatedly told Officer Veza that he knew Veza was a policeman. Furthermore, Sayles attempted to unveil and prevent the undercover investigation by exclaiming Officer Veza's status and by requesting Officer Veza's identification. Several plant employees testified that they also thought that Officer Veza was a policeman. Sayles, however, denies his knowledge of Officer Veza's status and argues that the evidence is insufficient. We disagree. The jury did not have to accept Sayles's testimony, and could have inferred Sayles's knowledge from the evidence. The evidence also establishes that Sayles interfered with Officer Veza who was lawfully engaged in the exercise of his duties as an officer. Therefore, sufficient evidence exists to support the convictions.

*Issue Two*

■ Sayles next argues that the jury verdicts are inconsistent. Specifically, Sayles argues that since the jury acquitted on the charge of criminal recklessness, the jury could not have logically found that he was guilty of Intimidation or Resisting Law Enforcement. Sayles bases this argument on the hypothesis that the jury only could have based the convictions on the evidence of the last cafeteria altercation.

---

**3.** We note that knowledge of Veza's status is not required by the statute to convict for Resisting Law Enforcement. However in *Casselman* and *Williams* the courts required knowledge when resistance was during an arrest. We believe that knowledge also should be required in the present case, regardless of the statute's wording and authority to the contrary. *See e.g.,* 67 C.J.S. *Obstructing Justice* § 7(a) (1978); 58 Am.Jur.2d, *Obstructing Justice* § 22 (1971).

From this Sayles assumes that the jury determined that no knife was displayed and in turn accepted Sayles's version of the facts without reservation. Sayles's argument is meritless.

We first note that our supreme court's decisions on inconsistent verdicts do not present a consistent standard of review. The supreme court has enunciated two standards of review. *Hicks v. State* (1981), Ind., 426 N.E.2d 411, 413; *Williams v. State* (1986), Ind.App., 501 N.E.2d 1146, 1147. The first standard provides that,

"This Court will not attempt to interpret the thought processes which the jury used to arrive at their verdict. The jury is the trier of fact and may attach whatever weight and credibility to the evidence which they believe is warranted. This Court will not speculate on inconsistent jury verdicts."

*Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 269; see also *Hicks*, at 414; and *Woodrum v. State* (1986), Ind.App., 498 N.E.2d 1318, 1325. The second standard provides that,

"This Court has looked and will continue to look at findings and verdicts to determine if they are inconsistent. But perfect logical consistency should not be demanded, and only extremely contradictory and irreconcilable verdicts warrant corrective action by this Court."

*Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1200; *Parrish v. State* (1983), Ind., 453 N.E.2d 234, 239. The cases of *Townsend* and *Dorsey* could be reconciled by the fact that *Townsend* involved bench verdicts and *Dorsey* involved jury verdicts. However, both standards appear in application to merge into a sufficiency of the evidence review. As long as the conviction is supported by sufficient evidence, an inconsistency does not merit reversal.

In the present case, regardless of the standard applied, the result is the same. The verdicts are not inconsistent. Although Sayles is correct in noting that the jury would have been required to find that a knife was used to support a class C felony conviction for Intimidation and for a class D felony conviction for Criminal Recklessness, such a finding was not required to convict for Intimidation as a class D felony and Resisting Law Enforcement as a class A misdemeanor. As stated previously, these convictions were supported by sufficient evidence. Therefore, the jury's acquittal of Sayles for Criminal Recklessness was not inconsistent with the convictions for Intimidation and Resisting Law Enforcement.

*Issue Three*

■ Sayles next argues that the court erred in permitting Officer Veza to testify as to a photographic identification and erred in failing to declare a mistrial after Officer Veza testified and a mug shot was entered into the record but not viewed by the jury. The trial court has broad discretion to determine whether to grant a mistrial. *Coleman v. State* (1986), Ind., 490 N.E.2d 325, 328. The trial judge's determination will be upheld unless a clear abuse of discretion is shown. *King*, at 1262; *Wisehart v. State* (1985), Ind., 484 N.E.2d 949, 957, *cert. denied*, —— U.S. ——, 106 S.Ct. 2929, 91 L.Ed.2d 556; *Maynard v. State* (1987), Ind.App., 508 N.E.2d 1346, 1356, *trans. denied*. The objecting party must demonstrate that the action was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Coleman*, at 328; *Maynard*, at 1356. Generally, mug shots are inadmissible because the pictures tend to show that a defendant has a past criminal record. *Coleman*, at 328; *Dziepak v. State* (1985), Ind., 483 N.E.2d 449, 451; *Hovis v. State* (1983), Ind., 455 N.E.2d 577, 585. However, a mug shot is admissible if the state shows that the photograph is not unduly prejudicial and has substantial independent probative value. *Coleman*, at 328; *Hovis*, at 585; *Lane v. State* (1983), Ind., 445 N.E.2d 965, 967.

■ In the present case, the photograph was entered into evidence during Officer Veza's testimony only after defense counsel requested to see the photo. The prosecutor responded by offering the photo into evidence for the record, but not to be viewed by the jury. The jury never saw the photo and the photo was not referred to

as a mug shot. No implication of a prior criminal record arose. Thus, the admission of the photo did not unduly prejudice Sayles. Furthermore, the photo was relevant to Officer Veza's identification of Sayles. Therefore, the trial court properly denied the motion for mistrial.

*Issue Four*

Sayles last argues that the trial court erred in sentencing by failing to find mitigating circumstances. Sayles acknowledges that the judge could increase the presumptive sentence for the Intimidation conviction from two (2) years to four (4) years. In addition, Sayles acknowledges that the trial court has discretion to make findings of mitigating circumstances. *Durham v. State* (1987), Ind.App., 510 N.E.2d 202, 205. However, Sayles argues that when mitigating circumstances are clearly shown on the record and the trial court fails to make findings of mitigating circumstances, then an inference can arise that they were overlooked and not considered by the judge, and cites to the wording found in *Wilkins v. State* (1986), Ind., 500 N.E.2d 747, 749; and *Budd v. State* (1986), Ind., 499 N.E.2d 1116, 1121. As in *Wilkins* and *Budd*, Sayles's argument fails.

▪ In the present case, as in *Wilkins* and *Budd*, the judge properly did not find mitigating circumstances, because none were supported by the record. The defendant suggests that three mitigating circumstances were shown by the evidence: first, the victim of the crime induced or facilitated the crime; second, there were substantial grounds to excuse or justify the crime; and third, imprisonment will result in undue prejudice to Sayles's dependents. Sayles is mistaken. These circumstances are not supported by the record.

First, although evidence exists to support a finding that Officer Veza threw tickets at Sayles's face, the evidence clearly establishes that Sayles initiated all the altercations and interfered with Officer Veza's undercover investigation. Officer Veza's actions were consistent with his desire to keep the investigation undercover. Officer

Veza's actions of defending himself and refusing to succumb to Sayles's intimidation did not facilitate or induce the crime. Second, the evidence fails to indicate a substantial ground for excusing the crime. Although others also asked Officer Veza if he was a policeman, only Sayles confronted, challenged, and proclaimed Officer Veza's status. The fact that others acted similarly does not excuse Sayles's actions. Furthermore, only Sayles engaged in altercations and threatened Officer Veza. Finally, the evidence does not establish that Sayles's dependents will be unduly prejudiced. The presentence report indicates that Sayles has four (4) illegitimate children from three different women. Record at 129. One child resides with Sayles's parents and the other three children live separately with their respective mothers. Although the record indicates that Sayles was ordered to pay support, he had paid nothing between March of 1986 and the date of sentencing. Therefore, the trial court acted within its discretion in not making findings of mitigating circumstances and properly sentenced Sayles.

Affirmed.

ROBERTSON and HOFFMAN, JJ., concur.