**Anthony Wayne HALL, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 49–S00–8704–CR–371.

Supreme Court of Indiana.

June 30, 1988.

Kevin L. Scionti, Kenneth T. Roberts, Kenneth T. Roberts & Associates, Indianapolis, for appellant.

Linley Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Anthony Wayne Hall was convicted of robbery, a class B felony, Ind. Code § 35–42–5–1 (Burns 1985 Repl.), and of carrying a handgun without a license, a class A misdemeanor, Ind. Code § 35–47–2–1 (Burns 1985 Repl.). The trial court found that Hall had committed a felony within the previous fifteen years and elevated the misdemeanor to a class D felony pursuant to Ind. Code § 35–47–2–23(c) (Burns 1985 Repl.). The trial court sentenced Hall to consecutive prison terms of 20 years for the robbery and 4 years for the handgun charge.

On direct appeal, Hall raises two issues:

I. Whether the evidence is sufficient to show that Hall was armed with a deadly weapon when he committed the robbery, thereby elevating the crime from a class C felony to a class B felony; and

II. Whether the evidence is sufficient to show that Hall had a prior felony conviction, elevating the handgun offense from a class A misdemeanor to a class D felony.

In deciding sufficiency of the evidence questions, this Court will not reweigh the evidence or assess witness credibility. We will affirm the conviction if considering only the probative evidence and reasonable inferences supporting the verdict, a reasonable trier of fact could conclude that the defendant was guilty beyond reasonable doubt. *Case v. State* (1984), Ind., 458 N.E. 2d 223.

The robbery occurred at a drug store in Indianapolis where Mayo Fugate was working as a cashier. She testified that a man advanced through the checkout line to the register, paid for his purchases, and then said, "give me your bills." When she hesitated, he lifted his shirt to reveal the handle of a gun sticking out of his pants and said, "or we'll do it this way." Fugate testified: "I hesitated because I didn't think that he was robbing me and then he showed me the gun and I jerked the bills out and handed them to him." On cross-examination defense counsel asked Fugate what she saw and she replied, "I saw a gun." When asked to be more specific, she said: "I just saw the handle of the gun sticking out of his pants.... That's all I had to see because then I knew he meant business." After further questioning Fugate admitted that she was not familiar with guns. Asked if it could have been something other than a gun, she replied: "It could have been a toy gun, is that what you mean. But it did look like a gun handle."

Marjorie Gootee, a customer, was standing in line behind the robber when the crime occurred. She testified that she saw a gun when Hall lifted his shirt. She was not cross-examined on that point.

### I. *Evidence of a Deadly Weapon*

Hall argues that the testimony is in conflict because one witness testified that she saw a gun while the other witness testified that she only saw a handle. Hall claims that this testimony must be reconciled by concluding that the evidence he had a gun was incomplete and ambiguous. He argues the handle he exposed when he pulled up his shirt was not sufficiently identified as a weapon.

Conflicting testimony of this sort does not defeat Hall's conviction of the

class B felony. A jury's determination that a robber was armed with a deadly weapon is not erroneous merely because the witnesses presented conflicting testimony. *Duvall v. State* (1981), 275 Ind. 188, 415 N.E.2d 718 (one witness described the weapon as a revolver, and another as an automatic, and they conceded on cross-examination that the weapon could have been a harmless replica); *Miller v. State* (1986), Ind., 500 N.E.2d 193 (eyewitnesses gave conflicting evidence as to whether a screwdriver was used in a threatening or intimidating manner so as to become a deadly weapon). The evidence that Hall was armed with a gun is sufficient to elevate the robbery to a class B felony.

## II. *Evidence of a Prior Felony Conviction*

Hall argues that the evidence was insufficient to establish that he was the person convicted of the prior felony. Hall suggests that the State must enter the defendant's fingerprint card, identification card and photographs in order to prove beyond a reasonable doubt that he is the person convicted of the prior felony.

■ Proving a prior conviction to elevate a misdemeanor charge to a felony is similar to proving prior convictions to establish that the defendant is an habitual offender. In both, the fact finder determines the question of prior convictions. If the evidence yields logical and reasonable inferences from which the trier of fact may determine it was indeed the defendant who was convicted of the prior offense, sufficient connection has been shown. Identity may be proven by circumstantial evidence. *Coker v. State* (1983), Ind., 455 N.E.2d 319.

■ Parole evidence alone is insufficient evidence of a prior felony. The State must present certified records of the prior convictions. *Davis v. State* (1986), Ind., 493 N.E.2d 167. Mere similarity of names is not enough to show that the person named in the commitment papers is the person on trial. Frequently, the State es-

tablishes that the defendant on trial is the same as the person convicted earlier by matching the defendant's fingerprints with those in commitment documents from the earlier conviction. Absent matching fingerprints, commitment documents containing photographs and descriptions of physical characteristics may prove identity. *Seeglitz v. State* (1986), Ind., 500 N.E.2d 144.

Where photographs and fingerprints do not accompany the certified records, there are other ways to link the defendant to the prior offense. *Young v. State* (1988), Ind., 521 N.E.2d 671 (testimony of probation officer who prepared the prior presentence report connected the individual on trial to the prior crimes); *Coker*, 455 N.E.2d 319 (court reporter's testimony used to connect defendant to prior crimes).

■ To establish that Hall had committed a prior felony, the State entered into evidence five certified documents. These included copies of the order book entry, the information, and the commitment papers establishing that in May 1977 Anthony Wayne Hall was sentenced to serve 15–25 years in prison for second degree murder.

In addition, police officer Robert Hoke, who investigated the murder of Jean Crouch, identified Hall as the person charged with the prior murder. Hoke testified that he was present when Hall pled guilty, though he was not in court when Hall was sentenced.

These facts are ample evidence to support the trial court's conclusion that Hall was the person convicted of the prior felony.

The trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.