**Mike Joseph LITEL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–8706–CR–551.

Supreme Court of Indiana.

Sept. 6, 1988.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Judge.

Appellant Mike Joseph Litel was tried before a jury and convicted of battery, a class C felony, Ind.Code § 35–42–2–1(3) (Burns 1985 Repl.), robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1985

Repl.), and two counts of confinement, a class B felony, Ind.Code § 35–42–3–3(a) (Burns 1985 Repl.). The trial court sentenced him to concurrent terms of twenty years for each class B felony and eight years for the class C felony.

Litel raises two issues in this direct appeal: whether the evidence is sufficient to support the verdicts, and whether the trial court erred in allowing the State to amend the information on the morning of trial. We affirm.

The evidence showed that Litel attended the Indiana State Fair with Cynthia Vie and Lisa Walters on the evening of August 19, 1983. They left at about midnight in Vie's car. Vie drove, Walters rode in the passenger seat, and Litel sat in the back.

En route to his home, Litel directed Vie to take a short-cut up University Avenue. The street came to a dead end, and Vie stopped. Litel then reached around Vie and placed a straight-edged razor at her throat. He told Vie to drive to Ellenberger Park and ordered Walters to take off her pants. When Walters hesitated, he threatened to kill Vie. Litel touched Vie's breasts and legs while she drove about at his direction. He told her to remove her pants. Finally, he directed her to park in the lot of a vacant service station.

Claiming that they needed to take off their shoes before they could comply with his orders, the girls shoved the front seat back and quickly ran from the car. They heard the screech of tires as they ran.

Vie's car was recovered that night. Relying on the girls' description, police apprehended Litel the next evening. They found Vie's keys and a straight-edged razor in his possession. Both Vie and Walters identified Litel from an array of photographs.

### I. Sufficiency of the Evidence

■ Litel claims that the evidence does not support his convictions for confinement, battery or robbery. When the sufficiency of the evidence is challenged, we will not reweigh the evidence or judge the credibility of the witnesses. Rather, we look to the evidence favorable to the judgment and all reasonable inferences therefrom to determine if there is substantial evidence of probative value which supports the conviction. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. Litel argues he could not have been convicted of both confining the women in the car and robbing them of the car by separating them from it. The information did not allege that Litel confined the women in the car, however, it charged that he removed the women from University Avenue by force. The evidence certainly established that he did so.

■ The evidence is not sufficient to support the robbery conviction, Litel claims, because the car was not taken from Vie's possession. He also argues that the evidence cannot support the conviction as an armed robbery because the use of the deadly weapon was intended to force the girls to undress, not to give up possession of the car. While Vie left the car before Litel absconded with it, it was nonetheless taken from her possession. Litel's attack caused Vie to flee, resulting in the involuntary relinquishment of her car. Litel's use of a deadly weapon caused this relinquishment. This was sufficient to establish an armed robbery. *See Wash v. State* (1980), Ind.App., 408 N.E.2d 634.

■ Litel also alleges that the evidence was not sufficient to support a conviction for battery with a deadly weapon. A battery is a knowing or intentional touching of another person in a rude, insolent, or angry manner. Ind.Code § 35–42–2–1. The crime is a class C felony "if it is committed by means of a deadly weapon." Ind.Code § 35–42–2–1(3). Litel argues that no one testified that he touched Vie with the razor. Walters, however, testified that Litel did touch Vie with the razor. Moreover, Vie testified that he touched her breasts and legs while holding a straight-edged razor to her throat. This touching was accomplished by means of a deadly weapon. The battery conviction is supported by sufficient evidence.

### II. Amending the Information

On the morning of trial, the State moved to amend the information to allege that the

crime occurred on August 20th, rather than August 18th as originally charged. The prosecutor declared that the victims' statements and all the other discovery material given to Litel had indicated August 20th as the date of the crime. Though Litel objected to the amendment, he did not indicate any surprise at the change, claim he was unprepared to defend a charge concerning that date, or request a continuance for further preparation. The court allowed the amendment.

Litel now charges that the amendment was one of substance and should not have been allowed. The record also reveals an amendment filed thirty days before the omnibus date which reflects the August 20th date. The prosecution may amend thirty days before the omnibus date even on matters of substance. Ind.Code § 35–34–1–5(b) (Burns 1985 Repl.). Because the earlier amendment was proper, the amendment filed on the day of trial is of no consequence.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.