William O. NEUHAUSEL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–8711–CR–00451.

Court of Appeals of Indiana,
Second District.

Nov. 7, 1988.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

William O. Neuhausel appeals his conviction on two counts of arson, a class B felony.

We affirm the conviction on Count III and reverse on Count V.

## FACTS

On October 1, 1986, a house located at 415 North Denny Street in Indianapolis was destroyed by an explosion. Neighboring houses were also damaged. The house was owned by Dorothy Lewis and leased to Neuhausel and his wife Gail. On the date of the explosion, Gail and Neuhausel were in the process of divorcing. Gail and the two children lived in the house; Neuhausel lived in Ohio. However, he was found severely burned outside the house following the explosion. Neuhausel explained he had been in the house and had lit a cigarette before the explosion. He later told a detective he went to the house in the early morning and went to sleep on the couch. He awoke around 8:15 a.m., lit a cigarette, and the explosion occurred. Days later, he advised an investigating officer he attempted suicide by opening a gas line in the house before he went to sleep. The investigation determined that fires had been set deliberately in four separate places within the house and that a gas line had been opened with a pair of channel jack pliers. One of the fires ignited the seeping gas and caused the explosion.

Neuhausel was charged with five counts of arson.[1] Each of the first three counts was for causing over $5,000 in damage to property without the owner's consent. Counts I and II were for damages suffered by neighboring houses from the explosion in the Lewis house (415 North Denny); Count III was for damage to the Lewis house. Count IV was for arson of the Lewis house under circumstances endangering human life in a neighboring house. Count V was for damaging the dwelling of Dorothy Lewis without her consent. A jury found Neuhausel guilty of counts III and V, and acquitted him of the remaining counts. Neuhausel received sentences of ten years on each of the two counts, to run concurrently with each other but consecutively to an unrelated sentence.

## ISSUES

Neuhausel asserts the following errors:

1) his convictions on Counts III and V are inconsistent with his acquittal on the remaining counts;

2) the trial court erroneously denied him a mistrial;

3) there is insufficient evidence to support his convictions; and

4) the trial court erroneously failed to consider mitigating circumstances in determining his sentence.

## DECISION

*Inconsistent Verdicts*

Neuhausel claims that his convictions on Counts III and V are inconsistent

---

1. Under the Indiana arson statute, IC 35–43–1–1(a) (Burns 1985),
    A person who, by means of fire or explosive knowingly or intentionally damages:
    (1) a dwelling of another person without his consent;
    (2) property of any person under circumstances that endanger human life; or
    (3) property of another person without his consent if the pecuniary loss is at least five thousand dollars ($5,000);
    commits arson, a Class B felony.

with his acquittal on Counts I, II, and IV. We disagree.

As this court wrote in *Sayles v. State* (1987), Ind.App., 513 N.E.2d 183, 188, *trans. denied* (1988), inconsistent verdicts do not merit reversal as long as the conviction is supported by sufficient evidence.[2] Here, Neuhausel's convictions are supported by the evidence and are not inconsistent with his acquittals. The jury reasonably could have concluded Neuhausel knowingly damaged only the Lewis house. As a result, they found him guilty of the counts related to that house, and acquitted him of the counts related to the adjacent houses.

### Motion for Mistrial

■ Neuhausel argues prosecutorial misconduct during the course of the trial warranted a mistrial. He claims the State's "efforts to introduce Neuhausel's statements without proper foundation ... forced or baited trial counsel into a position in which it appeared by his objections that he was commenting upon Neuhausel's right not to testify, and that Neuhausel was thereby placed in great peril." Appellant's brief at 19. The record does not support Neuhausel's suggestion that the prosecutor was "harpooning."[3] We review a trial court's ruling on a motion for mistrial only for abuse of discretion. *Goolsby v. State* (1987), Ind., 517 N.E.2d 54, 61; *Sapp v. State* (1987), Ind., 513 N.E.2d 178, 180; *Palmer v. State* (1985), Ind., 486 N.E. 2d 477, 483. A mistrial is warranted only where prosecutorial misconduct places a defendant in a position of grave peril. *Fox v. State* (1988), Ind., 520 N.E.2d 429, 430.

The conduct of which Neuhausel complains consists of four questions propounded by the State asking an investigating officer to relate various conversations between the officer and Neuhausel. Following each question, Neuhausel's general objection was sustained by the trial court. Even assuming the jury understood Neuhausel's objection as an exercise of his Fifth Amendment rights,[4] he was not

2. Writing for a unanimous First District panel, Judge Ratliff noted an apparent discrepancy among Indiana Supreme Court rulings on inconsistent verdicts.

We first note that our supreme court's decisions on inconsistent verdicts do not present a consistent standard of review. The supreme court has enunciated two standards of review. [Citations omitted]. The first standard provides that,

"This Court will not attempt to interpret the thought processes which the jury used to arrive at their verdict. The jury is the trier of fact and may attach whatever weight and credibility to the evidence which they believe is warranted. This Court will not speculate on inconsistent jury verdicts."

*Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 269; [additional citations omitted]. The second standard provides that,

"This Court has looked and will continue to look at findings and verdicts to determine if they are inconsistent. But perfect logical consistency should not be demanded, and only extremely irreconcilable verdicts warrant corrective action by this Court."

*Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1200; [additional citation omitted]. The cases of *Townsend* and *Dorsey* could be reconciled by the fact that *Townsend* involved bench verdicts and *Dorsey* involved jury verdicts. However, both standards appear in application to merge into a sufficiency of the evidence review. As long as the conviction is supported by sufficient evidence, an inconsistency does not merit reversal.
*Sayles*, 513 N.E.2d at 188.

Though there does seem to be a facial difference between *Dorsey* and *Townsend,* we interpret the decisions as holding that determinations are inconsistent only where they cannot be explained by weight and credibility assigned to the evidence. Thus, an acquittal on one count normally will not result in reversal of a conviction on a similar or related count, because the former will generally have at least one element (legal or factual) not required for the latter. In such an instance, the finder of fact will be presumed to have doubted the weight or credibility of the evidence presented in support of this distinguishing element.

3. In *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312, the supreme court found that "the sole purpose of calling the witness was to wield the *evidential harpoon,* deliberately calculated by counsel to prejudice the jury against the defendant and his defense." *Id.* at 76, 272 N.E. 2d at 319 (emphasis in original).

4. The record reveals the State's request that Neuhausel specify the grounds for his objections and the trial court's observations that "you have a statement from a suspect" (Record at 421) and "I've never yet seen a Prosecutor try to get in a statement made by a Defendant without first going into the Miranda decision" (Record at 428), were made outside the hearing of the jury.

placed in a position of peril. This is not a situation where clearly inadmissible evidence is repeatedly offered to force a defendant to object continuously. Rather, Neuhausel was forced to make four non-specific objections to offered evidence that was subsequently admitted when the State laid the proper foundation. This fact, coupled with the trial court's prompt instruction to the jury following its ruling on Neuhausel's motion for mistrial, effectively dispelled any "peril" to Neuhausel.

The trial court did not err in overruling Neuhausel's motion.

### Sufficiency of the Evidence

Neuhausel's third argument concerns the sufficiency of the evidence upon which he was convicted. First, he claims the State failed to prove he acted with the requisite criminal culpability. Second, he argues that the State failed to prove he damaged the dwelling of Dorothy Lewis without her consent as charged in Count V.

■ The arson statute requires proof of only general criminal intent. *Myers v. State* (1981), Ind.App., 422 N.E.2d 745, 751. This intent may be inferred from the acts committed and the surrounding circumstances. *Grassmyer v. State* (1981), Ind., 429 N.E.2d 248, 257. Here, the evidence is that fires were set in four separate locations within the house. Further examination of the evidence is not necessary: as a court of review, we will neither reweigh the evidence nor rejudge the credibility of witnesses. *Litel v. State* (1988), Ind., 527 N.E.2d 1114, 1115; *Hall v. State* (1988), Ind., 524 N.E.2d 1279, 1280. The circumstantial evidence is sufficient to support the jury's finding of the requisite intent, Neuhausel's self-serving claims to the contrary notwithstanding. *Sund v. State* (1974), 162 Ind.App. 550, 554, 320 N.E.2d 790, 793.

**5.** Count V reads as follows:
The affiant aforesaid, upon; his oath aforesaid, further says that WILLIAM O. NEUHAUSEL, on or about the 1st day of October, A.D. 1986, at and in the County of Marion in the State of Indiana did, by means of fire and

■ Count V of the information charged Neuhausel with arson of Dorothy Lewis's dwelling house.[5] The statutory definition of "dwelling" requires "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." IC 35–41–1–10 (Burns 1985). The undisputed and uncontradicted evidence is that the possessory interest in 415 North Denny was in Gail Neuhausel; it was her "home," not that of Dorothy Lewis. Consequently, Neuhausel is correct in his assertion that the State failed to meet its burden of proof on an essential element of the offense with which he was *charged,* that Neuhausel knowingly, by fire or explosion damaged the dwelling of *Dorothy Lewis* without the consent of Dorothy Lewis. *See Brooks v. State* (1988), Ind., 526 N.E.2d 1171, 1172–73.

### Sentence

■ Finally, defendant Neuhausel contends the trial court erroneously failed to consider mitigating circumstances in determining his sentence. Again, we disagree. "Mitigating circumstances are not a mandatory consideration in sentencing a criminal defendant. It is within the discretion of the trial court whether to consider possible mitigating circumstances and the weight they should be given." *Lamotte v. State* (1986), Ind., 495 N.E.2d 729, 734 (citations omitted). Here, the court considered the question of mitigating circumstances and determined none existed. This court will neither reassess nor reweigh the trial court's findings in that respect. *Leming v. State* (1986), Ind.App., 487 N.E.2d 832, 836. A sentence authorized by statute will not be revised on appeal unless it is manifestly unreasonable in light of the nature of the offense and character of the offender. Ind.R.App.Rev.Sen. 2; *Shields v. State* (1988), Ind., 523 N.E.2d 411, 414. In this case, the trial court's imposition of the pre-

explosion, knowingly damages the dwelling of DOROTHY LEWIS, to-wit: A RESIDENCE LOCATED AT 415 NORTH DENNY without the consent of DOROTHY LEWIS....
*Record* at 5.

sumptive ten year sentence was eminently reasonable.

Neuhausel's conviction of arson under Count III is affirmed; his conviction of arson under Count V is reversed.

BUCHANAN, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

Cause for reversal as a matter of law is an extremely close question insofar as denial of the Motion for Mistrial is concerned. I do not believe that reversal is required only if the strict definition of "evidential harpoon" as found in *White v. State* (1971) 257 Ind. 64, 272 N.E.2d 312, is met.

Be that as it may, the reprehensible conduct of the prosecutor, notwithstanding the cautions of the trial judge, is not of itself cause for reversal. With some reservation, I concur with the majority upon this issue.