**Jeffrey BABER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0609–CR–734.**

Court of Appeals of Indiana.

July 20, 2007.

Joseph M. Cleary, Hammerle Allen & Cleary, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 35–42–4–3(a).

## OPINION

MAY, Judge.

Jeffrey Baber appeals his convictions of child molesting as a Class A felony[1] and child molesting as a Class C felony.[2] He argues the evidence was insufficient, the verdicts were inconsistent, the trial court erred in allowing the State to amend the charging information, and the sentence was "manifestly unreasonable." (Br. of Appellant at 14.)

We affirm.

## FACTS AND PROCEDURAL HISTORY

Baber taught kindergarten and first grade. K.J. was a student in his first grade class. On January 18, 2005, while K.J. was coloring a banner in the classroom, Baber put his hand down the back of her pants and "put his finger in [her] butt hole." (Tr. at 575.) K.J. stated Baber had done the same thing several times during the school year; however, because "it hurt the worst that time," (id. at 578), K.J. told her mother about the incident after school that day. She described how, prior to January 18, while the rest of the children were watching a movie, Baber had her grade papers with him in the back of the room and put his hand into her pants.

On January 21, 2005, the State charged Baber with four counts of child molesting:

COUNT I

Jeffrey Baber, being at least twenty-one (21) years of age, on or about January 4, 2005 through January 14, 2005, did perform or submit to deviate sexual conduct by inserting his finger into the anus of [K.J.], when [K.J.] was then under the age of Fourteen (14) years old, that is: seven (7) years of age;

2. Ind.Code § 35–42–4–3(c).

COUNT II

Jeffrey Baber, being at least twenty-one (21) years of age, on or about January 18, 2005, did perform or submit to deviate sexual conduct by inserting his finger into the anus of [K.J.], when [K.J.] was then under the age of Fourteen (14) years old, that is: seven (7) years of age;

COUNT III

On or between January 4, 2005 through January 14, 2005,. Jeffery Baber, did knowingly or intentionally perform or submit to any fondling or touching with [K.J.], a child who was then under the age of fourteen (14) years, that is: seven (7) years old, with intent to arouse or satisfy the sexual desires of Jeffery Baber;

COUNT IV

On or about January 18, 2005, Jeffery Baber, did knowingly or intentionally perform or submit to any fondling or touching with [K.J.], a child who was then under the age of fourteen (14) years, that is: seven (7) years old, with intent to arouse or satisfy the sexual desires of Jeffery Baber[.]

(App. at 33–34.) The trial court set an omnibus date of March 28, 2005. On May 24, 2006, near the end of its case in chief, the State amended the charging information for Counts I and III, alleging a date between August 2004 and January 17, 2005.[3] The jury found Baber guilty of Counts II, III, and IV, and not guilty of Count I.

At sentencing, the trial court vacated Baber's conviction of Count IV on double jeopardy grounds. The court found aggravators and mitigators, and imposed concur-rent presumptive sentences for an aggregate thirty-year term.

## DISCUSSION AND DECISION

1. *Sufficiency of the Evidence* [4]

■ In reviewing sufficiency of the evidence, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Hawkins v. State*, 794 N.E.2d 1158, 1164 (Ind.Ct.App.2003).

■ Baber asserts K.J.'s testimony is incredibly dubious and not corroborated by other evidence. The "incredible dubiosity" doctrine applies "where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the defendant's guilt." *Thompson v. State*, 765 N.E.2d 1273, 1274 (Ind.2002). "Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Krumm v. State*, 793 N.E.2d 1170, 1177 (Ind.Ct.App.2003).

Baber argues K.J.'s testimony was inherently improbable:

K.J. testified that Baber had managed to get his hand down her pants when she was coloring by going in the "hole" in the chair. The hole was formed by the space between the chair back and the chair bottom. The State claims that is

3. Conforming amendments were made with respect to K.J.'s age.

4. Baber does not specify whether he is challenging the sufficiency of the evidence supporting Count II or III. Since his argument focuses on K.J.'s testimony regarding Count II, we presume he is challenging his Class A felony conviction.

not immediately apparent that Baber could not have put his hand through the space in the chair. With all due respect, it does not appear that there is any way for an adult male to be able to fit his hand through the hole in the chair and then down the back of a girl's pants and then insert his finger into her anus. One look at the chair and it is apparent that it would be extremely unlikely for an offense to happen the way in which K.J. described. In fact, in closing argument, the State conceded that it might not have happened that way.

(Reply Br. at 2) (internal citations omitted).

■ A conviction of child molesting may rest solely on the uncorroborated testimony of the alleged victim. *Link v. State*, 648 N.E.2d 709, 713 (Ind.Ct.App.1995). We decline to characterize K.J.'s testimony as so incredibly dubious or inherently improbable that no reasonable person could believe it. As the State notes, K.J. "did not see Baber's hand during the molestations [and] could very well have been mistaken that he had put it through the space in her chair." (Br. of Appellee at 6.) Furthermore, the jury was in the best position to observe Baber's physical characteristics, the in-court demonstrations of how K.J. sat in the chair while coloring, and the chair itself. It was for the jury to decide how to weigh K.J.'s credibility in light of all the circumstances, *see Kilpatrick v. State*, 746 N.E.2d 52, 61 (Ind.2001), and in the absence of "incredibly dubious" testimony we will not impinge on the jury's responsibility to judge witness credibility.

### 2. *Inconsistent Verdicts*

■ Baber argues it is impossible to reconcile the verdict of not guilty of Count I with the guilty verdicts of Counts II and III. He asserts the verdicts for Count I and Count III are inconsistent because "it does not seem possible to have credited [K.J.'s] testimony [on] one count but not the other." (Br. of Appellant at 11.) Similarly, he asserts the verdicts for Count I and Count II are inconsistent because "it is impossible to see how [K.J.'s testimony] could be believed on [one] count and not on the other." (*Id.*)

■ A jury verdict may be inconsistent or even illogical but nevertheless permissible if it is supported by sufficient evidence. *Powell v. State*, 769 N.E.2d 1128, 1131 (Ind.2002), *reh'g denied.* Determinations are inconsistent only where they cannot be explained by weight and credibility assigned to the evidence. *Neuhausel v. State*, 530 N.E.2d 121, 123 n. 2 (Ind.Ct.App.1988). "Thus, an acquittal on one count will not result in reversal of a conviction on a similar or related count, because the former will generally have at least one element (legal or factual) not required for the latter." *Id.* In such an instance, the jury "will be presumed to have doubted the weight or credibility of the evidence presented in support of this distinguishing element." *Id.*

Count I alleged Baber had inserted his finger into K.J.'s anus before January 18. Count II alleged the same conduct on January 18. Count III alleged fondling or touching before January 18. The jury found Baber not guilty of Count I and guilty of Counts II and III.

K.J. testified Baber "put his finger in my butt hole," (Tr. at 575), while she was coloring a banner on January 18. K.J. also testified Baber had done the same thing to her several times previously including while she was grading papers during movie time. She told her parents about the incident the day it happened, January 18, because it "hurted [sic] the worst that time." (*Id.* at 578.)

From this testimony, the jury could have concluded K.J.'s testimony was credible regarding the incident on January 18, that is, Baber had inserted his finger into her anus. Thus the jury could have found Baber guilty of Count II and Count IV. Because K.J.'s testimony regarding prior instances was less detailed than her testimony regarding the January 18 incident, and because she said it had not hurt as badly, the jury could have concluded Baber fondled K.J. on previous occasions while having a reasonable doubt about whether he had inserted his finger into her anus on those occasions. Thus, the jury could have found him guilty of Count III but not of Count I.

We "cannot say with certainty" what influenced the jury's verdicts. *Marsh v. State*, 271 Ind. 454, 462, 393 N.E.2d 757, 762 (1979). However, "there is some evidence of probative value in the record which establishes the verdicts are consistent." *Id.* The jury would be "well within its prerogative in fully and sufficiently crediting only" part of K.J.'s testimony with respect to incidents prior to January 18. *See Jackson v. State*, 540 N.E.2d 1232, 1234 (Ind.1989). The verdicts are not inconsistent.

### 3. *Amended Information*

■ During trial, the State amended the dates of the offenses in Count I and Count III from between January 5, 2005 through January 14, 2005, to between August 2004 and January 17, 2005. Baber asserts this was error.

The amendment to Baber's charging informations are governed by Ind.Code § 35–34–1–5 (2004) which at the time provided in relevant part:

(a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including

\*   \*   \*   \*   \*   \*

(9) any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

(1) thirty (30) days if the defendant is charged with a felony; or

(2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Baber asserts the amendment was impermissible because it was one of substance and subsection (b) requires such amendments to be made at least thirty days prior to the omnibus date. The State responds the amendment was one of form because time is not of the essence in the crime of child molesting.

Our Indiana Supreme Court recently discussed the amendment of charging instruments in *Fajardo v. State*, 859 N.E.2d

1201 (Ind.2007).[5] After reviewing the statute and its history, the *Fajardo* court held:

> [T]he first step in evaluating the permissibility of amending an indictment or information is to determine whether the amendment is addressed to a matter of substance or one of form or immaterial defect. As noted above, an amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. And an amendment is one of substance only if it is essential to making a valid charge of the crime.

859 N.E.2d at 1207. After determining the type of amendment sought, the court applies the appropriate subsection of the statute: subsection (a) for immaterial defects, subsection (b) for matters of substance, and subsection (c) for matters of form.

The amendments in this case change the dates of the offenses in Count I and Count III from "on or about January 4, 2005 through January 14, 2005," (App. at 33–34), to "[o]n or between August 2004 and January 17, 2005." (*Id.* at 303–04.) The amendments also modified K.J.'s age at the time of the offense from seven years to "six (6) or seven (7) years of age." (*Id.*)

██ "[T]ime is not of the essence in the crime of child molesting." *Barger v. State,* 587 N.E.2d 1304, 1307 (Ind.1992), *reh'g denied.* The *Barger* court explained:

It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases. The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies.

*Id.* K.J. was either six or seven at the time Baber committed his offenses against her, an age neither at nor near the dividing line of fourteen. Nor did Baber assert an alibi defense. *See Lacy v. State,* 438 N.E.2d 968, 972 (Ind.1982) (recognizing alibi defense as "kind of situation which would make an amendment as to the date of the offense material by depriving the defendant of a defense"); *see also Taylor v. State,* 614 N.E.2d 944, 947 (Ind.Ct.App. 1993) (applying Lacy in context of child molesting), *trans. denied.*

Because time is not of the essence in this case, the amendments of the dates are not a matter of substance. Baber denied committing these offenses, and that defense was available to him both before and after the information was amended. The evidence Baber elicited on cross-examination—that other school personnel could come into the classroom at any time, for example—would apply equally pre- or post-amendment. We conclude the amendments were matters of form only.

Under Ind.Code § 35–34–1–5(c), the amendment was permissible so long as it did not "prejudice the substantial rights of

---

5. The *Fajardo* court addressed the methodology used to evaluate whether an indictment or information could be amended under Ind. Code § 35–34–1–5. It disapproved of the methodology used in some previous decisions, including *Brown v. State,* 728 N.E.2d 876 (Ind.2000), a case the State had relied on at trial.

The *Fajardo* court also noted an inconsistency in the statute regarding amendments to matters of form. *Fajardo,* 859 N.E.2d at 1205. In response, the General Assembly amended Ind.Code § 35–34–1–5, effective May 8, 2007. *See* P.L. 178–2007, § 1 (Senate Enrolled Act No. 45). The amendment eliminates references to matters of form in subsection (b).

the defendant." Baber was made aware of the amendment and was allowed to argue against it and submit case law. Baber did not request a continuance to defend against the charges as amended. Baber's defense was a complete denial of the incidents. In closing arguments, counsel used the amendment to further suggest the State failed to prove its case. We conclude his substantial rights were not prejudiced by the amendment and the trial court did not err in allowing the amendment.

### 4. Sentencing

Baber argues the trial court overlooked a significant mitigator and his sentence is "manifestly unreasonable."[6] (Br. of Appellant at 14.)

The trial court found Baber was in a position of trust with K.J. and gave this significant weight as an aggravator. It found Baber's lack of criminal history was a strong mitigating circumstance and gave the hardship on Baber's family medium weight as a mitigator. In determining Baber's sentence, the trial court stated:

And finally, the Court has considered the defendant's request for a minimum sentence. It's no secret here that he is going to walk out of here with at least a 20–year sentence.

\* \* \* \* \* \*

So what we're really looking at is, should you receive a 20–year sentence? Should you receive a 30–year sentence, or a slightly aggravated sentence, somewhere between 30 and 50?

And as I've said, I think both the issue of your position of trust, which but for that position of trust, you wouldn't

have been able to molest that child, balanced with no prior criminal history and the hardship on your family, in my mind, it's close to equaling out on both sides.

However, the reason that I am not giving you a sentence below the presumptive is because, for this offense—actually, offenses—for these offenses that you're being sentenced on, and for you and your character, I truly believe it would depreciate the seriousness of this offense if you were to receive something below the presumptive sentence.

(Tr. at 1184–85.) The court then sentenced Baber to the presumptive sentences, thirty years on Count II and four years on Count III, and ordered the sentences served concurrently.

### A. Mitigating Circumstances

Baber asserts the trial court abused its discretion by failing to find he would be likely to respond affirmatively to probation or short-term imprisonment because he has "already begun to use his incarceration in productive means [sic] by assisting inmates with their GED tests." (Br. of Appellant at 16–17.)

It is well-settled that a trial court is not obliged to accept as mitigating each of the circumstances proffered by the defendant. *Ousley v. State*, 807 N.E.2d 758, 761 (Ind.Ct.App.2004). Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was overlooked. *Powell v. State*, 751 N.E.2d 311, 317 (Ind.Ct.App.2001). Although we applaud Baber's desire to assist others while incarcerated, the trial court was not

---

**6.** We no longer review sentencing decisions for manifest unreasonableness. Effective January 1, 2003, our Indiana Supreme Court amended Ind. Appellate Rule 7(B) to provide: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is *inappropriate* in light of the nature of the offense and the character of the offender." (Emphasis supplied.)

obliged to find his actions rose to the level of a significant mitigator.

### B. *Appropriate Sentence*

■ We will not revise a sentence authorized by statute unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). We exercise great restraint in reviewing and revising sentences and recognize the special expertise of the trial bench in making sentencing decisions. *Pinkston v. State,* 836 N.E.2d 453, 458 (Ind.Ct.App.2005), *trans. denied* 855 N.E.2d 995 (Ind.2006).

With respect to his offense, Baber was K.J.'s teacher in kindergarten and in first grade. Baber molested K.J. during the school day while other children were present in the classroom. While the other children were watching a movie, Baber took K.J. to the back of the classroom and fondled her. K.J. asked to wear dresses instead of pants to try to keep Baber from molesting her. To avoid going to school, she told her mother she was sick to her stomach. While K.J. was coloring a banner with other children, he put his hand down her pants and "put his finger in [her] butt hole." (Tr. at 575.) Although it hurt every time, K.J. finally told her mother because "it hurt the worst that time." (*Id.* at 578.) Baber chose to violate the trust of one of his students by repeatedly molesting her in the classroom, causing her physical pain and emotional distress. We do not find Baber's sentence inappropriate in light of his offenses.

With respect to his character, Baber enjoyed a reputation as a good husband, father, neighbor, friend, and teacher. However, Baber was also an elementary school teacher who kept pornographic DVDs locked in a cabinet in the same room where he taught the six- and seven-year-olds entrusted to his care. The trial court noted Baber was "pretty brazen, not only to [keep pornography in his classroom], but to commit the crimes you did in your classroom." (*Id.* at 1181.) This does not speak well of his character or judgment. Nothing about Baber's character suggests his sentence is inappropriate.

### CONCLUSION

K.J.'s testimony was not incredibly dubious and the evidence was sufficient to support Baber's convictions. The verdicts returned by the jury were not inconsistent. Changing the dates of the offenses charged in the information was a matter of form and did not prejudice Baber's substantial rights. Baber was sentenced appropriately. Accordingly, we affirm.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.