Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Aug 22 2013, 6:03 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY G. LYLES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1302-CR-179 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Kathy R. Smith, Senior Judge
Cause No. 08C01-1209-FA-1

**August 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Timothy G. Lyles appeals his convictions on two counts of Class A felony child molesting, his convictions on two counts of Class C felony child molesting, and his sentence following a jury trial. He raises two issues for our review:

1. Whether the State presented sufficient evidence to support his convictions.

2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In 2008, Lyles married N.D., the mother of two minor daughters, A.D. and K.H. Between November of 2011 and June of 2012, Lyles repeatedly molested K.H. He performed oral sex on K.H. and had her perform oral sex on him. He penetrated K.H.'s anus with his penis and ejaculated. He rubbed his penis on K.H.'s vagina and ejaculated. He also touched K.H.'s vagina with his finger. Lyles told K.H. that if she told anyone of the molestations she would be in trouble. In June of 2012, K.H. informed N.D. of the incidents, and N.D. informed the police.

On September 17, 2012, the State charged Lyles with four counts of child molesting, as Class A felonies, and two counts of child molesting, as Class C felonies. A jury found Lyles guilty of two of the Class A felony allegations and both Class C felony allegations. The court entered its judgment of conviction and sentenced Lyles to an aggregate term of forty years. This appeal ensued.

2

**DISCUSSION AND DECISION**

**Issue One:  Sufficiency of the Evidence**

Lyles first asserts that the State failed to present sufficient evidence to support his convictions.  When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses.  Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003).  We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt.  Id.  If there is substantial evidence of probative value to support the conviction, it will not be set aside.  Id.

According to Lyles, the State failed to present sufficient evidence of his crimes for the following reasons:  the victim's testimony was "contrary to human experience" because they occurred in locations with A.D. nearby yet they did not draw A.D.'s attention, Appellant's Br. at 11; his opportunity to commit the offenses "was very limited," id. at 7; and there was no physical evidence introduced against him.  Each of these arguments is an invitation for this court to reweigh the evidence presented to the jury, which we will not do.

The State presented sufficient evidence to support Lyles' convictions.  K.H. testified that Lyles repeatedly molested her by performing oral sex on her and having her perform oral sex on him, by performing anal sex on her, and by penetrating K.H.'s vagina.  And it is well established that "[a] conviction of child molesting may rest solely

3

on the uncorroborated testimony of the alleged victim." Baber v. State, 870 N.E.2d 486, 490 (Ind. Ct. App. 2007), trans. denied. We affirm Lyles' convictions.

## Issue Two: Sentencing

Lyles next asserts that his forty-year aggregate sentence is inappropriate in light of the nature of the offenses and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal

role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Lyles' forty-year aggregate sentence is not inappropriate. Lyles' abuse was not an isolated incident but, as the trial court noted, involved multiple criminal acts. He repeatedly molested his wife's young daughter for more than six months. K.H. trusted Lyles and called him "Daddy." Transcript at 58-59. Lyles abused his position of trust, caused K.H. physical pain, and threatened her to keep her from telling anyone of his abuse. And although Lyles cites his college education and service in the Army as evidence of his good character, a college-educated Army veteran who abuses a position of trust with a young child lacks good character.

Further, Lyles was convicted of two Class A felonies and two Class C felonies. A Class A felony carries a sentencing range of twenty to fifty years, with an advisory term of thirty years, and a Class C felony carries a sentencing range of two to eight years, with an advisory term of four years. Ind. Code §§ 35-50-2-4, -6. The trial court ordered that his sentences run concurrently, and Lyles' forty-year aggregate term was well below the maximum penalty he faced. We cannot say his combined sentence for four felonies is inappropriate in light of the nature of the offenses and his character.

Affirmed.

MATHIAS, J., and BROWN, J., concur.

5