**Karl Neil ROBINSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 20S00–8811–CR–911.

Supreme Court of Indiana.

Sept. 21, 1989.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Battery by Means of a Deadly Weapon, a Class C felony, and a finding that he is an habitual offender. The trial court sentenced appellant to eight (8) years on the battery charge and enhanced that sentence by thirty (30) years by reason of his habitual offender status. However, the court suspended ten (10) years of the enhancement by reason of the fact that one of the prior felonies was a Class D felony; thus appellant has an executed sentence of twenty-eight (28) years.

The facts are: On June 12, 1987, the victim was driving his truck in Elkhart County when he stopped at an intersection and started to drive into the intersecting road. When he noticed an approaching car, he put his truck into reverse and backed up to clear the road. However, in so doing, he backed into a van driven by appellant.

The victim exited his vehicle to assess what damage he might have done to appellant's vehicle. Appellant immediately became abusive, grabbed the victim by the throat, and started choking him. The victim testified it was necessary for him to strike appellant several times in an effort

to break his hold and attempt to escape. As he did so, he noticed that appellant drew a utility knife from his pocket and stated his intention to "cut up" the victim. The knife involved was described as a utility knife used for opening cardboard boxes. It consisted of a razor-type blade which retracted into the handle.

During the altercation, the victim suffered a severe laceration to his right ear. The attending physician testified that a sharp object had caused the cut and that it had required several sutures in the cartilage of the ear as well as in the outer skin to stabilize the wound.

█ Appellant claims there is insufficient evidence to support his conviction of the use of a deadly weapon. He points out that the victim was not certain when he received the cut and that he did not discover he had been cut until after the altercation when he was driving his vehicle. The victim did testify, however, that during the altercation he realized that appellant was wielding a knife, and at that time, he exercised every means to escape from appellant. A witness to the altercation also testified that appellant was brandishing the knife as he accosted the victim.

Appellant postulates that the wound could have been caused by a blow from his fist. He testified that he pulled the knife from his pocket and was brandishing it but never struck the victim with it. However, in view of the testimony of the attending physician, there was ample evidence before the jury from which they could determine that the wound was caused not by a blow from a fist but by a sharp instrument.

█ Appellant also claims that the utility-type knife he was using is not an instrument capable of inflicting serious bodily injury. However, from the evidence, the jury could find that the knife in fact did inflict a serious injury to the victim's ear, and had the same type of injury been delivered to the victim's throat, it could have been life-threatening. The evidence in this case is sufficient to support the conviction of battery with a deadly weapon. *See Miller v. State* (1986), Ind., 500 N.E.2d 193.

Appellant claims the certified records of prior convictions are not sufficiently connected with him to justify a finding that he is an habitual offender. He concedes that he was identified as the person convicted for forgery in the Elkhart Superior Court in 1980. However, he claims there is no evidence to connect him with the 1977 conviction of theft in the Elkhart Superior Court.

█ An examination of the record discloses that on direct examination appellant was questioned concerning both of those prior convictions and conceded that he in fact had been so convicted. At the habitual offender phase of the hearing, the State offered this in-court testimony given by appellant during the trial of the instant charge. This Court will look to all reasonable inferences that may be drawn by the jury to support the findings. *Litel v. State* (1988), Ind., 527 N.E.2d 1114. There is sufficient evidence in this record to support the finding of the jury that appellant is an habitual offender.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.