**Travis SISK, Defendant–Appellant,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S00–9908–CR–424.**

Supreme Court of Indiana.

Oct. 5, 2000.

---

Timothy J. Miller, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

Travis Sisk was found guilty of the June 23, 1999, murder of Conceto Davis, and sentenced to 60 years. The defendant asserts three claims on appeal: (1) erroneous admission of dying declarations; (2) erroneous admission of defendant's prior drug use; and (3) insufficient evidence. We affirm.

The defendant contends that the trial court erred in admitting statements of the victim to police after he had been shot. At trial, the defendant objected, asserting that the question called for inadmissible hearsay. Ind. Evidence Rule 802. The trial court overruled the objection, citing the dying declaration exception to the hearsay rules. Evid. R. 804(b)(2). On appeal, the defendant argues that the State did not lay an adequate foundation to show that the victim believed his death was imminent. He did not present this contention to the trial court. We need not determine whether the defendant's objection at trial was sufficient to preserve the issue for appeal, however, because we find that the substance of the officer's testimony regarding the victim's statement was separately received in evidence from two other witnesses without objection.

The erroneous admission of evidence does not require reversal when evidence of the same probative value is admitted without objection. *Davidson v. State*, 558 N.E.2d 1077, 1089 (Ind.1990). Patricia Vasquez, a neighbor of the victim, testified that just after he was shot, the victim told her that "Travis" shot him. Record at 287. The defendant did not object to this testimony. The victim's wife, Theresa Davis, testified that her husband told her that "Travis and them did it." Record at 303–04. The defendant did not object to this testimony. We decline to reverse on this issue.

The defendant next contends that the trial court erred in admitting the neighbor's testimony regarding a robbery in which money and drugs were taken from the defendant two nights before the murder. Claiming that this evidence was admitted over his objection, the defendant cites page 269 of the Record, which is a transcript of a hearing in advance of opening statements. Brief of Appellant at 3. The defendant did not object when the testimony was presented at trial. Record at 280–82. This Court has consistently held that a party may not assert on appeal a claim of trial court error in the overruling of a motion in limine seeking the exclusion of evidence unless the party objected to the evidence at the time the evidence was offered. *Clausen v. State*, 622 N.E.2d 925, 927 (Ind.1993). The defendant's claim therefore does not warrant appellate review.

The defendant contends that his conviction for murder is not supported by sufficient evidence. The defendant argues inconsistencies in witness testimony, the fact that the police did not find the murder weapon, the inconclusive nature of the gunshot residue test, and the assertion

that "in that neighborhood there are many reasons to elude the police without having committed murder." Brief of Appellant at 14.

In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor assessing the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000). A murder conviction may be based on wholly circumstantial evidence. *Ogle v. State*, 698 N.E.2d 1146, 1150 (Ind.1998).

The evidence favorable to the judgment established that the victim was fatally shot in the vicinity of the apartment where he resided with his family. The defendant had been seen in the victim's apartment building a short time before the shooting. Approximately two days earlier, the defendant had been robbed and believed that the victim was involved. As the victim lay bleeding on the sidewalk awaiting the paramedics, he named the defendant as the person who shot him. The defendant attempted to flee from the police. We find that the evidence was sufficient for a reasonable jury to have found the defendant guilty of murder beyond a reasonable doubt. The trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.