**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY DAVIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1402-CR-76 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Bradley Keffer, Judge Pro-Tem
Cause No. 49F09-1308-FD-53365

**September 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Following a bench trial, Gregory G. Davis was convicted of criminal recklessness as a Class D felony for the use of a deadly weapon. Davis raises one issue for review: whether there was sufficient evidence to show he used a deadly weapon. Concluding there was sufficient evidence, we affirm.

## Facts and Procedural History

While walking to the Indianapolis Central Public Library on August 13, 2013, Michael Mullin was approached by Davis, who was 6' 6" and 240 pounds. Davis showed Mullin a yellow nylon bag, which contained three watches. He attempted to sell Mullin a watch, but Mullin declined and continued walking toward the rear entrance of the library. Davis followed, and Mullin walked faster to avoid a confrontation. Mullin testified that he was "scared out of his mind." Transcript at 15. Mullin quickly entered the rear of the library and attended to his business once inside.

After Mullin was finished inside the library, he exited through the front entrance and walked toward the post office. As he was walking, Mullin heard Davis yell threats to "beat [him] up" and statements like "you MFing cracker." Id. at 18. Mullin ignored the statements and continued walking until he reached a more populated area. At that time, Mullin turned toward Davis and said, "leave me alone. I didn't do anything to you." Id. at 19. Mullin's request was ignored. Davis walked toward Mullin while continuing to make similar threatening statements. Davis then struck Mullin on his shoulders, causing Mullin to stumble. Next, Davis raised his fist, and Mullin kicked Davis in an attempt to back him off. After he was kicked, Davis shouted "now I'm going to 'F' you up." Id. at 20-21.

2

Davis then pulled a small grey box cutter out of his bag.  Davis struck Mullin with the box cutter, causing a stab wound to his upper left forehead.  Davis ran away when Mullin attempted to kick him again.

Mullin immediately called 911.  He reported the attack and specified the general direction that Davis had run.  Shortly after the first 911 call, Mullin saw Davis enter an alley.  To avoid letting Davis slip away, Mullin followed at a distance and called 911 again.  Mullin reported Davis's location, and the police soon arrived.  Davis was arrested.  When the police asked Mullin about his injury, he was initially unsure what caused it—either his eye glasses or the box cutter.  After examining his wound, he determined it was caused by Davis's box cutter.  Mullin received five stitches.

The State charged Davis with criminal recklessness as a Class D felony, battery as a Class A misdemeanor, and possession of marijuana as a Class A misdemeanor.  Davis was convicted of both criminal recklessness and battery at a bench trial; he was found not guilty of possessing marijuana.  At the sentencing hearing, the trial court merged the criminal recklessness and battery convictions, and sentenced Davis to 545 days for criminal recklessness, all of which were to be executed in Indiana Department of Correction.  Davis now appeals.

<u>Discussion and Decision</u>

I.  Standard of Review

In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor assessing the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime beyond a reasonable doubt.

<u>Sisk v. State</u>, 736 N.E.2d 250, 252 (Ind. 2000).

## II. Sufficiency of Evidence[1]

To support Davis's conviction of criminal recklessness, the State had to prove that: 1) Davis recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury, and 2) it was committed with a deadly weapon. Ind. Code § 35-42-2-2(b)(1), (c)(2)(A) (2013). Davis contends there was insufficient evidence to show he used a deadly weapon, because Mullin was the only one to testify about a weapon, and a box cutter was never found.

In order to prove that a weapon was used in the commission of a crime, it is not necessary to introduce that weapon into evidence. <u>Gorman v. State</u>, 968 N.E.2d 845, 850 (Ind. Ct. App. 2012), <u>trans. denied</u>. This does not, however, dispense with the need to prove that the defendant was armed with a deadly weapon at the time of the crime. <u>Id.</u> As proof of the use of a deadly weapon, a "victim's testimony that he or she saw the defendant use [a deadly weapon] is, by itself, sufficient . . . ." <u>Id.</u> at 851. This court will sustain a conviction even if the only testimony is the uncorroborated testimony of the victim himself. <u>Jones v. State</u>, 569 N.E.2d 975, 980 (Ind. Ct. App. 1991).

Mullin testified that Davis attacked him with a box cutter. He also had an injury he alleged was caused by the box cutter. A box cutter, used in the manner that Davis used it—striking Mullin in the face—is a deadly weapon. In this State, a "deadly weapon" is any item that in the manner it is used, could be used, or is intended to be used is capable of

---

[1] Davis does not challenge the trial court's finding with regard to battery.

causing serious bodily injury. Ind. Code § 35-31.5-2-86(a)(2). A box cutter is capable of causing serious bodily injury. See Robinson v. State, 543 N.E.2d 1119, 1120 (Ind. 1989) (determining a box cutter used to cut the victim's ear was a deadly weapon). The trial court heard Mullin's testimony as to how the injury occurred, including the possibility that it was caused by Mullin's eye glasses. The trial court appropriately weighed the evidence and also determined Mullin's credibility. See Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012) (stating that appellate courts do not assess witness credibility). We will not do it again. The fact that the Mullin was initially uncertain as to the cause of his wound is not an issue for this court to decide.

There was sufficient proof that Davis performed an act creating a substantial risk of bodily injury and used a deadly weapon.

## Conclusion

There was sufficient evidence from which a reasonable fact-finder could have found that the elements for criminal recklessness as a Class D felony existed beyond a reasonable doubt. Davis's conviction is therefore affirmed.

Affirmed.

BAKER, J., and KIRSCH, J., concur.