## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2017, 5:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Eric Koselke
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey Baber,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 27, 2017

Court of Appeals Case No.
49A02-1607-CR-1585

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-0501-PC-8748

**Altice, Judge.**

## Case Summary

[1] Jeffrey Baber appeals from the denial of his petition for post-conviction relief (PCR Petition). He asserts that the post-conviction court erred in rejecting his claim of ineffective assistance of trial counsel.

[2] We affirm.

## Facts & Procedural History

[3] On January 21, 2005, the State charged Baber with two counts of Class A felony child molesting (Counts I and II) and two counts of Class C felony child molesting (Counts III and IV). Following a jury trial in May 2006, Baber was found guilty of Counts II, III, and IV and not guilty of Count I. The trial court entered judgments of conviction on Counts II and III and sentenced Baber, on July 12, 2006, to an aggregate term of thirty years in prison.

[4] The facts underlying Baber's convictions were set out by this court on direct appeal as follows:

> Baber taught kindergarten and first grade. K.J. was a student in his first grade class. On January 18, 2005, while K.J. was coloring a banner in the classroom, Baber put his hand down the back of her pants and "put his finger in [her] butt hole." K.J. stated Baber had done the same thing several times during the school year; however, because "it hurt the worst that time," K.J. told her mother about the incident after school that day. She described how, prior to January 18, while the rest of the children were watching a movie, Baber had her grade papers with him in the back of the room and put his hand into her pants.

*Baber v. State*, 870 N.E.2d 486, 488 (Ind. Ct. App. 2007) (citations to record omitted). Baber's convictions and sentences were affirmed on direct appeal.

[5] Baber initiated post-conviction review in 2008 and amended his PCR Petition in 2013. In his petition, Baber argued that he was denied the effective assistance of counsel at trial. His argument centered on trial counsel's failure to cross examine witnesses about a pending civil suit K.J.'s family had brought against Baber and the school corporation. He also alleged that counsel failed to object to "false and misleading testimony" and "materially false statements" made by the prosecutor. *Appellant's Appendix* at 41. Specifically, Baber asserted that counsel should have objected when K.J.'s mother testified that there was no reason she would want Baber to be in trouble and when the prosecutor guaranteed, during rebuttal closing argument, that K.J.'s parents did not want the allegations of child molestation to be true. According to Baber, these instances were objectionable as false and misleading due to the family's interest in the pending civil action.

[6] Baber's trial counsel testified at the evidentiary hearing on April 2, 2015. Counsel explained that he was fully aware of the civil action but believed it was not in Baber's best interest to "approach that area" in the criminal case. *PCR Transcript* at 10. He noted that possible other victims had surfaced. Also, he did not feel that the existence of the civil action amounted to evidence that would impact the jury's assessment of K.J.'s credibility, given her young age. In sum, he testified, "I just didn't think it was good strategy." *Id.* at 14.

On June 16, 2016, the post-conviction court issued findings of fact and conclusions of law denying post-conviction relief. Baber now appeals. Additional facts will be provided below as needed.

**Discussion & Decision**

In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id*. (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*. Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

A petitioner will prevail on a claim of ineffective assistance of trial counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Bethea*, 983 N.E.2d at 1138. The petitioner must first demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have

the 'counsel' guaranteed by the Sixth Amendment." *Id*. (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). "We afford counsel considerable discretion in choosing strategy and tactics, and '[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.'" *State v. Hollin*, 970 N.E.2d 147, 151 (Ind. 2012) (quoting *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001)). There is a strong presumption that trial counsel rendered adequate service. *Bethea*, 983 N.E.2d at 1139.

With regard to the prejudice element, the petitioner must establish "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Further, because a petitioner must prove both deficient performance and resulting prejudice, the failure to prove either defeats such a claim. *See Young v. State*, 746 N.E.2d 920, 927 (Ind. 2001).

On appeal, Baber argues that trial counsel was ineffective in two respects: (1) failing to object to improper vouching statements/testimony and (2) failing to cross examine K.J.'s mother regarding the family's pending civil suit arising from the same allegations as the criminal action. We will address each argument in turn.

First, Baber asserts that counsel should have objected to testimony and statements regarding the victim and her family having no reason to lie. In this regard, he notes that the prosecutor asked K.J.'s mother at trial, "Is there any particular reason why you would want Mr. Baber to be in trouble?" *PCR Exhibits* at 728. She replied in the negative. Baber also directs us to statements made by the prosecutor during closing argument guaranteeing that K.J.'s parents did not want the allegations to be true and asking, "What motivation does this little girl have to lie about this?" *Id.* at 1051.

Baber acknowledges that the above statements/testimony did not constitute "blatant[] vouching" but argues that they were "a sort of reverse-vouching." *Appellant's Brief* at 12. Although Baber's vouching argument appears dubious, we need not reach the issue because he did not argue this ground below. Rather, his argument to the post-conviction court – both in his PCR Petition and his proposed findings and conclusions – was that counsel should have objected on the ground that the statements and testimony were false and misleading. His vouching claims are therefore waived. *See Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal.").

Turning to his second claim of ineffectiveness, Baber argues that counsel failed to cross examine K.J.'s mother regarding the pending civil suit. He opines that this information would have completely counteracted the "'lack of motive to lie testimony', yet counsel left this arrow in his quiver." *Appellant's Brief* at 14.

[15]     Baber overstates the significance of this evidence and fails to establish a reasonable probability that had counsel cross examined on this basis, the result of his criminal trial would have been different. In other words, he has not shown prejudice resulting from the alleged deficient performance.

[16]     Prejudice aside, Barber's trial counsel testified at the post-conviction hearing that he made a strategic decision not to elicit information regarding the civil suit. He did not believe such evidence would benefit the defense, and he opined that it could actually open the door to information prejudicial to Baber. Further, the record reveals that counsel vigorously cross examined K.J.'s mother, as well as other witnesses, and attempted to impeach her on multiple grounds.

[17]     It is well established that "the method of impeaching witnesses is a tactical decision and a matter of trial strategy that does not amount to ineffective assistance." *Kubsch*, 934 N.E.2d at 1151. *See also Waldon v. State*, 684 N.E.2d 206, 208 (Ind. Ct. App. 1997) ("the nature and extent of cross-examination is a matter of strategy delegated to trial counsel"), *trans. denied*. The post-conviction court determined that counsel's strategy to avoid any reference to the civil suit was reasonable under the circumstances and, therefore, did not constitute deficient performance. *See Perryman v. State*, 13 N.E.3d 923, 931 (Ind. Ct. App. 2014) ("Reasonable strategy is not subject to judicial second guesses.") (quoting *Burr v. State*, 492 N.E.2d 306, 309 (Ind. 1986)), *trans. denied*. Baber has failed to establish clear error in this regard.

[18]    Judgment affirmed.

[19]    Riley, J. and Crone, J., concur.