## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 14 2018, 10:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Warren V. Pierce, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | May 14, 2018 <br><br> Court of Appeals Case No. 48A02-1708-CR-1807 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Angela Warner Sims, Judge <br><br> Trial Court Cause Nos. 48C01-1605-FC-940 48C01-1509-FA-1536 |

**Baker, Judge.**

[1] Warren Pierce appeals his convictions for Class A Felony Child Molesting[1] and Class C Felony Child Molesting,[2] arguing that the trial court erred by allowing an amendment to the charging information. He also argues that his sentence is inappropriate in light of the nature of the offenses and his character. Finding no error and that his sentence is not inappropriate, we affirm.

## Facts

[2] Before 2013, K.L. and H.L. lived with their mother and Pierce, their stepfather. During this time, while K.L. was between six and eight years old, Pierce forced K.L. to perform oral sex on him numerous times. Pierce threatened to kill K.L. if she ever told anyone about these acts. Eventually, K.L. told her father and stepmother about Pierce's actions, and they notified the police.

[3] Also during this time, beginning when H.L. was three years old and lasting through December 2012, Pierce made H.L. put on his mother's panties and touched H.L.'s penis and testicles on numerous occasions. Pierce would physically abuse H.L. when he refused to do as Pierce said. Both Pierce and the children's mother told H.L. not to tell anyone about the abuse. After the children's father obtained custody of the children, H.L. reported the sexual and physical abuse.

---

[1] Ind. Code § 35-42-4-3(a)(1).

[2] I.C. § 35-42-4-3(b).

[4] On September 18, 2015, the State charged Pierce in Cause Number 48C01-1509-FA-1536 (Cause Number 1536) with Class A felony child molesting for offenses against K.L. On May 12, 2016, the State charged Pierce in Cause Number 48C01-1605-FC-940 (Cause Number 940) with Class C felony child molesting for offenses against H.L. On August 21, 2016, the State moved to join the two causes, and on September 26, 2016, the trial court granted the motion. On February 27, 2017, the trial court scheduled a jury trial for June 20, 2017.

[5] A jury trial began on June 20, 2017. On June 22, 2017, the State filed a request to amend the information for Cause Number 1536, seeking to extend the date range of the offense by one year, replacing the start date of 2012 with a start date of 2011. Pierce objected to the amendment because the request to amend was made during the trial. The trial court granted the motion that same day. Also on June 22, 2017, the jury found Pierce guilty as charged. On July 10, 2017, the trial court sentenced Pierce to forty-five years for the Class A felony child molesting conviction and to seven years for the Class C felony conviction, to be served consecutively, for an aggregate sentence of fifty-two years. The trial court also found that Pierce is a sexually violent predator. Pierce now appeals.

## Discussion and Decision

[6] Pierce makes two arguments on appeal: that the trial court erred by allowing the State to amend the charging information in Cause Number 1536 and that

his sentence is inappropriate in light of the nature of the offenses and his character.

# I. Amendment

[7] Pierce argues that the trial court erred by allowing the State to amend the charging information in Cause Number 1536. Specifically, he argues that, because the amendment was made during trial, he did not have a reasonable opportunity to investigate the prejudicial impact the amendment would have on his defense.

[8] Indiana Code section 35-34-1-5 governs amendments to an information and distinguishes between amendments to form and substantive amendments. "The indictment or information may be amended in matters of substance . . . before the commencement of trial[] if the amendment does not prejudice the substantial rights of the defendant." I.C. § 35-34-1-5(b). The trial court "may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant." I.C. § 35-34-1-5(c).

[9] A defendant's substantial rights "include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights." *Erkins v. State*, 13 N.E.3d 400, 405 (Ind. 2014) (quotation marks and citation omitted). "Ultimately, the question is whether

the defendant had a reasonable opportunity to prepare for and defend against the charges." *Id.* at 405-06 (quotation marks and citation omitted). An "amendment is one of form and not substance if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form. Further, an amendment is of substance only if it is essential to making a valid charge of the crime." *Id.* (citation omitted).

[10] When the trial court granted the State's motion to amend the information in Cause Number 1536 during trial, Pierce did not request a continuance. Initially, we note that a defendant's failure to request a continuance following the granting of a late amendment to the charging information waives the issue for appeal. *Gaby v. State*, 949 N.E.2d 870, 874 (Ind. Ct. App. 2011). Moreover, Pierce only objected to the amendment on the grounds that it was untimely. Now, on appeal, he argues that the amendment prejudiced his substantial rights because it deprived him of the opportunity to investigate and present alibi evidence. When a defendant raises grounds for objection on appeal that are substantially different than those raised at trial, the issue is waived for appeal. *Griffin v. State*, 16 N.E.3d 997, 1005 (Ind. Ct. App. 2014). Therefore, Pierce's argument is waived.

[11] Waiver notwithstanding, the amendment to the information was of form, not substance, because it was not essential to making a valid charge of the crime. Time is not an element of the crime charged, *see* I.C. § 35-42-4-3(a)(1), and it is well established that time is not of the essence in a child molesting case. *E.g.*,

*Barber v. State*, 870 N.E.2d 486, 492 (Ind. Ct. App. 2007). The amendment to the charging information extended the start time for the offense by one year, from May 2012 to May 2011, thereby conforming to K.L.'s testimony about when she was molested. *See Bennett v. State*, 5 N.E.3d 498, 514 (Ind. Ct. App. 2014) (finding that amendment made at trial was one of form and not of substance when change in date of offense to conform to trial evidence was not essential to charge because time was not of the essence for the offense).

[12] In addition, the amendment did not prejudice Pierce's substantial rights because it did not affect any defense available to him. Although Pierce argues that he could have developed an alibi defense for the expanded date range, had an alibi defense been available, he would have been immediately aware of it and could have asked for a continuance to develop it. Moreover, Pierce argues that his alibi defense would have relied on the fact that the children were rarely at his home after their father obtained custody. But the children's father obtained custody in January 2013, whereas the amendment modified the start date of the offense from 2012 to 2011. Pierce makes no argument on appeal that he had an alibi defense, or any other defense, for that earlier time period. In short, Pierce fails to demonstrate that the amendment affected his substantial rights, and his argument regarding the amendment to Cause Number 1536 is unavailing. The trial court did not err by allowing the State to amend the charging information.

# II. Sentence

[13] Pierce asserts that his sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision— since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[14] Pierce was convicted of Class A felony child molesting. For this conviction, he faced a sentence of twenty to fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4(a). The trial court imposed a sentence of forty-five years. Pierce was also convicted of Class C felony child molesting. For this conviction, he faced a sentence of two to eight years, with an advisory term of four years. I.C. § 35-50-2-6(a). The trial court imposed a sentence of seven years. The trial court ordered the sentences to run consecutively for an aggregate term of fifty-two years. Had the trial court imposed the maximum sentence, Pierce would have received a sentence of fifty-eight years.

[15] With respect to the nature of the offenses, Pierce took advantage of a position of trust when he sexually molested his two young stepchildren numerous times over several years. Pierce forced K.L. to perform oral sex on him numerous times, beginning when she was just six years old. Pierce touched H.L.'s

genitals in a sexual manner numerous times, beginning when he was just three years old. When H.L. tried to refuse Pierce's demands, Pierce physically abused him. Further, Pierce threatened the children to prevent them from telling anyone about the abuse.

[16] With respect to Pierce's character, we note that, although these convictions are his first felony convictions, he has a criminal history that includes misdemeanors for driving without a license in possession and resisting law enforcement. He was charged with other misdemeanors, including criminal mischief, disorderly conduct, and being a minor in possession, that were dismissed. Although Pierce points out that he has been gainfully employed despite being disabled, because many people are gainfully employed, employment does not necessarily reflect on his character. Pierce also argues that he suffered a troubled childhood, but he fails to show how that reflects on his character, justifies his actions, or negates the harm he caused his stepchildren. In short, Pierce fails to point to anything in his character that mitigates the egregious actions he took against his stepchildren.

[17] Under these circumstances, we find that the sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and Pierce's character.

[18] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.